```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GARY ALESSI, Jr., and DANIEL PRINCE

                         Plaintiffs,           07-CV-6163T

          v.                                   ORDER

MONROE COUNTY, MONROE COUNTY SHERIFF'S
DEPARTMENT, and ROBIN BROWN, Individually
and in his Official Capacity,

                         Defendants.
_____
```

Plaintiffs Gary Alessi, Jr., ("Alessi") and Daniel Prince, ("Prince") both of whom are Sheriff's Deputies employed by the defendant Monroe County Sheriff's Department, bring this action pursuant to 42 U.S.C. § 1983 and the New York State Human Rights Law claiming that the defendants retaliated against them for exercising their right to freedom of speech. Specifically, plaintiffs allege that the defendants retaliated against them for complaining of hostile and dangerous working conditions allegedly created by defendant Robin Brown, a Lieutenant who, at the relevant times, supervised the plaintiffs. Alessi also claims violations of the Family Medical Leave Act ("FMLA").

Defendants move pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement on grounds that plaintiffs' Complaint fails to contain a simple, concise, and direct statement of plaintiffs' claims as required by Rule 8 of the Federal Rules of Civil Procedure. Defendants further move pursuant to Rule 21 of the Federal Rules of Civil Procedure to sever the

claims of Prince from the claims of Alessi on grounds that the plaintiffs' claims are factually distinct from one another, and that defendants would be prejudiced if the claims are allowed to proceed together.

For the reasons set forth below, I deny defendants' motion for a more definite statement, and grant defendants' motion to sever.

Motion for a More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure provides in relevant part that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  In light of  the liberal rules of pleading set forth in Rule 8 of the Federal Rules of Civil Procedure, and the availability of discovery to further refine allegations set forth in the Complaint, the granting of motions for a more definite statement is generally disfavored. Pell v. Pall Corp., 2007 WL 2445217, *2 (E.D.N.Y., August 20, 2007) (courts prefer to "encourage the use of discovery procedures to make clear the factual basis for the parties' claims."); Gialto v. Bush, 2007 WL 1200138 (N.D.N.Y., April 20, 2007)(Rule 12(e) not a "substitute" for normal discovery process); Mathis v. Quicken Loans, 2007 WL 3227598 (E.D. Mich., September 7, 2007) ("Rule 12(e) motions are disfavored by most courts and are rarely granted in view of the notice pleading standards of Rule 8(a)(2) and the

availability of a variety of pretrial discovery procedures.")(citation omitted). Accordingly, a motion for a more definite statement should be granted only when "the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Pell., 2007 WL 2445217 at *2.

In the instant case, while the Complaint is voluminous, and includes extraneous factual allegations, the Complaint is not so unintelligible that defendants would be unable to answer it or be prejudiced in so doing. Accordingly, I deny defendants' motion for a more definite statement.

Motion to Sever

Rule 21 of the Federal Rules of Civil Procedure, provides, inter alia, that the Court may sever claims against a party. The determination as to whether or not claims should be severed is "committed to the sound discretion of the district court." 4 Moore's Federal Practice § 21.06[1] (Matthew Bender 3rd ed.)(citing New York v. Hendrickson Bros, Inc., 840 F.2d 1065, 1082 (2nd Cir. 1988)(additional citations omitted). "In exercising their discretion to sever claims or order separate trials, courts must consider '(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be

3

avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.'" Wausau Business Ins. Co. v. Turner Const. Co., 204 F.R.D. 248, 250 (S.D.N.Y., 2001)(quoting Morris v. Northrop Grumman Corp., 37 F.Supp.2d 556, 580 (E.D.N.Y., 1999)); see also German v. Federal Home Loan Mortgage Corp., 896 F.Supp. 1385, 1400 (S.D.N.Y., 1995).

In this case, although both Alessi and Prince raise claims under the First Amendment and the New York Human Rights law, the claims do not arise out of the same transaction or occurrence. Each plaintiff had separate dealings with defendant Brown, and the claims alleged by each plaintiff arise out of separate incidents. While each plaintiff claims that he was retaliated against for complaining about defendant Brown, the facts surrounding those claims are separate, and do not substantially overlap. Moreover, Alessi alleges violations of the FMLA that have no relation, either factually or legally, to Prince's Claims. Severing the two plaintiffs' claims from one another would not prejudice any party, and indeed, would reduce the potential for prejudice that could arise from confusion of the factual issues and legal claims made by the plaintiffs. Finally, although many of the same witnesses are likely to be called in each case, that factor alone does not outweigh the several reasons for granting the defendants' motion to sever. Accordingly, I hereby grant the defendants' motion to sever the claims of Alessi from the Claims of Prince, and direct that the

Clerk of the Court open a new civil action entitled "Daniel Prince v. Monroe County, Monroe County Sheriff's Department, and Robin Brown, Individually and in his Official Capacity." The Complaint filed in this case shall be filed as the Complaint in the new action, and the new action shall be opened without the additional payment of a civil filing fee. A copy of this Decision and Order shall be filed in the new civil action as well as in this case. The caption of this case shall be amended to remove the name "Daniel Prince." As of the date of this Order, Daniel Prince shall no longer be a party to this action, and Gary Alessi, Jr., shall not be a party to the new civil action opened by the Clerk of the Court.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         February 12, 2008